GEORGE DE FOREST BRUSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6568.   Promulgated November 18, 1927.

*F. Morse Hubbard, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

## OPINION.

SIEFKIN: Petitioner is an artist who has ranked as one of the foremost American painters since 1895 and enjoyed that rank in 1913. The objects giving rise to the deficiencies here involved are various paintings and a statue which are the work of his hands. Two art dealers, qualifying as experts, testified to the market value of his work and gave their opinion as to the value on March 1, 1913, of the paintings. We have adopted these values, since, so far as the record shows, there is nothing detracting in any way from their testimony, and we do not feel justified in substituting a different value than that shown by this evidence. The finding of these values then leaves as the only question, whether petitioner realized a gain taxable as income on the sale of these paintings in the years in question. The respondent treats the question in his brief as though petitioner were

seeking to deduct a loss. Petitioner, however, in his brief merely contends that no taxable gain resulted with respect to any of the paintings, except "By the Fountain." As to that painting, the net amount received by petitioner being $15,255, and the March 1, 1913, value being $12,000, the taxable gain is fixed at $3,255.

Considering the question to be merely one as to whether a taxable gain resulted, taken in connection with the uncontradicted fact that the paintings were the work of the petitioner, we may safely assume that the cost was less than the March 1, 1913, values as herein found. We are unable to see any reason why petitioner is not entitled to a valuation as of March 1, 1913, the same as any taxpayer who disposes of more prosaic objects.

With respect to the gain derived upon the sale of the statue in the amount of $960, there was no evidence introduced as to March 1, 1913, value, and in that respect, we approve the respondent's determination of the entire amount as income. In other respects, the respondent was in error.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*